IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KATHY ANN MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CIV-21-0813-F |
| ) | |
| COOK GROUP, INC., et al., ) | |
| ) | |
| Defendants. ) | |

# ORDER

The court has a duty to determine its jurisdiction. <u>Tuck v. United Services Automobile Assoc.</u>, 859 F.2d 842, 844 (10th Cir. 1988). Upon review of the complaint (doc. no. 1), the court finds that the diversity of citizenship allegations are deficient for one or more of the following reasons.[1]

\_\_\_\_ The pleading fails to identify the state of citizenship with specificity.[2] For example, it is not sufficient to allege that an individual or entity is not a citizen of State A.

  X   The pleading does not clearly identify the nature of one or more entities (corporation, limited liability company, partnership, etc.) whose citizenship is

---

[1] Lest it be thought that these requirements exalt formalities a bit too much, the court will note that it is not unusual for the Tenth Circuit, after a case has run its course in the district court, to remand the case because the jurisdictional allegations made at the very outset of the case were deficient – a turn of events that can and should be avoided so that the parties may litigate on the merits without having to worry about losing the benefit of a judgment in the final stage of the litigation.

[2] <i>See</i>, <u>Simmons v. Rosenberg</u>, 572 F. Supp. 823, 825 (E.D.N.Y. 1983) (merely averring that a party is a citizen of a state other than the state of New York is "clearly insufficient to establish diversity jurisdiction….").

relevant. This is important because the jurisdictional facts which must be alleged vary, depending on the type of entity. This deficiency exists with respect to Cook Medical Technologies, Cook Denmark International APS, Cook Denmark Holding APS, Cook Group Europe APS, Cook Nederland BV, William Cook Europe APS, all of which the court has presumed are corporations (see "corporations" section below) although that fact is not clearly alleged and should be clarified.³ (Other defendants have "incorporated," or "inc.," or "LLC" in their names, so the court considers those entities adequately identified as a corporation or a limited liability company, as the case may be.)

____ An Individual.

    ____ The pleading does not allege the specific state in which an individual is a "citizen" or has "citizenship." Allegations regarding residency are not sufficient because, for purposes of 28 U.S.C. §1332, citizenship and residence are two entirely distinct concepts.⁴

   X   A Corporation. The deficiencies identified below apply to Cook Medical, Incorporated; Cook Incorporated; Medical Engineering and Development Institute, Inc.; Cook Medical Technologies (assuming this defendant is a

---

³ If any of these defendants are not corporations then that fact must be stated, the type of entity must be identified, the complaint must allege all underlying facts needed to establish the states or countries in which such entities are citizens and those states or countries must be identified.

⁴ Residence alone is not the equivalent of citizenship. State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994); Walden v. Broce Construction Co., 357 F.2d 242, 245 (10th Cir. 1966). It is domicile, not residence, which is relevant for determining an individual's citizenship. Siloam Springs Hotel, L.L.C. v. Century Surety Co., 781 F.3d 1233, 1238 (10th Cir. 2015). For any number of reasons, an individual can reside in one place but be domiciled in another place; for adults, domicile is established by physical presence in a place, coupled with an intent to remain there. Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989).

2

corporation); Cook Denmark International APS (assuming this defendant is a corporation); Cook Denmark Holding APS (assuming this defendant is a corporation); Cook Group Europe APS (assuming this defendant is a corporation); Cook Nederland BV (assuming this defendant is a corporation); and William Cook Europe APS (assuming this defendant is a corporation).[5]

    __X__  The pleading does not clearly identify the entity as a corporation.

    __X__  The pleading does not identify the state of incorporation.  It is not sufficient to allege that a corporation is licensed to do business in a state.

    __X__  The pleading does not identify the state in which the corporation has its principal place of business.

    __X__  In the case of an alien corporation, the pleading does not identify the country in which the corporation is incorporated and has its principal place of business.

__X__   A Limited Liability Company (LLC).  The deficiencies described below apply to Cook Medical, LLC.

    ____  The pleading does not clearly identify the entity as an LLC.

    __X__  All of the members of the LLC are not identified.

---

[5] The complaint may have intended to allege that these defendants are incorporated in Indiana and have their principal place of business in Indiana, but that is not what the complaint states.  To cite one example: the complaint alleges, in ¶ 9, that "Defendant Cook Group, Incorporated is the parent company of Defendant Cook Medical, Incorporated and is an Indiana Corporation with a principal place of business located at 750 Daniels Way, P.O. Box 489, Bloomington, Indiana 47402."  This sentence alleges that Cook Group, Incorporated, is an Indiana corporation with its principal place of business in Indiana, but this sentence alleges nothing about the state of incorporation or the principal place of business of Cook Medical, Incorporated. This is because federal court jurisdiction over a subsidiary corporation is generally determined by that corporation's citizenship, not the citizenship of the parent corporation.  Schwartz v. Electronic Data Systems, Inc., 913 F.2d 279, 283 (6th Cir. 1990).

   __X__   All information necessary to determine the citizenship of each of the members of the LLC is not alleged.  For example, if a member is another entity, then the type of entity must be clearly identified, and all information necessary to determine that entity's citizenship must be alleged, down through all layers of membership.[6]

____ Partnership.

   ____   The pleading does not clearly identify the entity as a partnership.

   ____   All of the partners are not identified.

   ____   All information necessary to determine the citizenship of each of the partners is not alleged.  For example, if a partner is another entity, then the type of entity must be clearly identified, and all information necessary to determine that entity's citizenship must be alleged, down through all layers of membership or partnership.  *See*, n.4, *supra*.

____ Other Types of Entities.[7]

   ____   The pleading does not clearly identify the type of entity.

   ____   All information necessary to determine the citizenship of the entity is not alleged.

---

[6] For example, if one of the members is an LLC, then *its* members, and their specific states of citizenship, as well as all underlying information necessary to support those conclusions, must be alleged, and so on.  For a fuller explanation, see section of this order entitled "Other deficiencies," below.

[7] Regarding determination of citizenship for various types of entities, *see generally*, 15 James Wm. Moore, Moore's Federal Practice, §§ 102.50-102.58 (3d ed. 2020); Wright & Miller, 13 Fed. Prac. & Proc. Juris. § 3630.1 (3d ed.) (application of the citizenship rule for unincorporated associations).

   __X__   <u>Other Deficiencies.</u>  The explanation set forth below applies to Cook Medical, LLC, and other unincorporated entities that are parties (if any).

     __X__   The information necessary to determine the citizenship of an entity is not alleged down through all layers.

*Illustration*.  Party A is an LLC.  The citizenship of the members of an LLC are imputed to the LLC.  Accordingly, the members of the LLC, and all jurisdictional information necessary to determine each member's state or states of citizenship, must be determined and alleged.  The members of Party A are X and Y.  X is an individual who is a citizen of <u>Oklahoma</u>.  Y is another LLC (the second LLC).  The members of Y are B and C.  B is yet another LLC (the third LLC) and C is a corporation.  The members of B are D and E.  D is an individual who is a citizen of <u>Texas</u>.  E is a partnership.  The partners of E are F and G. F is an individual who is a citizen of <u>Kansas</u>**.**  G is an individual who is a citizen of <u>Arkansas</u>.  Corporation C (the second member of Y) is incorporated in <u>Delaware</u> and has its principal place of business in <u>Florida</u>.  Based on the above, the states in which members of Party A are citizens are Oklahoma (X's state of citizenship); and Texas, Kansas, Arkansas, Delaware and Florida (Y's states of citizenship).  Party A is therefore deemed a citizen of Oklahoma, Texas, Kansas, Arkansas Delaware and Florida.

  __X__   Paragraph 20 of the complaint purports to include as "Cook defendants" "any and all parent companies, subsidiaries, affiliates, divisions, franchises, partners, joint venturers, and organizational units of any kind, their predecessors, successors and assigns and their officers, directors, employees, agents, representatives and any and other persons acting on their behalf."  This allegation is conclusory and

overbroad, as it fails to identify entities and persons which plaintiff apparently seeks to treat as unnamed parties. Moreover, the citizenship of these unidentified entities and persons could potentially defeat diversity of citizenship in this case. For these reasons, ¶ 20 does not satisfy pleading requirements, which require a short and plain statement of the grounds for the court's jurisdiction, as well as a short and plain statement of the claim. Rule 8, Fed. R. Civ. P. Plaintiff is advised that ¶ 20 (or an equivalent paragraph in any amended complaint which may be filed) will not be construed as identifying any additional defendants.

### Order to Cure Deficiencies.

Plaintiff, as the party invoking this court's subject matter jurisdiction based on diversity of citizenship, is **DIRECTED** to:

　__X__  File, within 21 days of the date of this order, a first amended complaint which includes the missing jurisdictional information.

　__X__   The required jurisdictional information may be alleged based on "information and belief."

　__X__  If the filer cannot allege the necessary information at this stage, the filer may file a short notice so stating, in which case the filer shall bring this issue to the attention of the court at the status and scheduling conference.

　__X__   Failure to comply may result in dismissal of this action without prejudice.

IT IS SO ORDERED this 25th day of August, 2021.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-0813p001.docx